July 15, 2022

The Honorable Katherine A. Robertson
United States District Court
300 State Street, Suite 120
Springfield, Massachusetts 01105

Via: Overnight Mail

**Re: Jorge v. Adler | 3:22-cv-30075-KAR**

Dear Judge Robertson,

Please consider this letter a formal request to move to an order dismissing Plaintiff Rafael Jorge's Case 3:22-cv-30075-KAR / Jorge v. Adler on behalf of myself, Marie Adler the Defendant. Plaintiff Rafael Jorge falsely alleges that Defendant committed a Copyright Infringement of his film "En Medio del Dolor" A.K.A. "Heart of Pain." He is requesting Seven Million dollars in compensation.

Plaintiff filed this action on June 10, 2022, improperly naming Marie Adler as Defendant. Plaintiff does not have an agreement in place with an individual Marie Adler. Plaintiff has an agreement in place with Adler & Associates Entertainment, Inc. a California company. Kindly excuse any mistakes in format from my layman's response to this complaint and request for dismissal.

I.  **ARBITRATION: Plaintiff's Agreement with Adler & Associates Entertainment, Inc., is governed by an Arbitration Clause according to International Film and Television Alliance (I.F.T.A.) Rules.**

   Arbitration is favored in the law. See *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Accordingly, parties to such agreements cannot avoid them by casting their claims in tort, rather than in contract. *See e.g., Acevedo Maldonado v. PPG Indus., Inc.*, 514 F.2d 614, 616 (1st Cir.1975). Likewise, proceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract. *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir.1999). Similarly, as discussed *infra*, in certain limited instances, pursuant to an equitable estoppel doctrine, a non-signatory-to-an-arbitration-agreement-defendant can nevertheless compel arbitration against a signatory-plaintiff.

II. **JURISDICTION: Plaintiff's Agreement with Adler & Associates Entertainment, Inc is governed by the laws of the State of California.**

   Defendant has no ties to Massachusetts. Adler & Associates Entertainment, Inc is a California corporation. Page 21 of 32, Section 21 initialed by Plaintiff in the underlying agreement between

Jorge and Adler & Associates Entertainment, Inc. states. *"This Agreement shall be governed by the laws of the State of California."*

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a 472 *472 forum with which he has established no meaningful *"contacts, ties, or relations."* International Shoe Co. v. Washington, 326 U. S., at 319.[13] By requiring that individuals have *"fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,"* Shaffer v. Heitner, 433 U. S. 186, 218 (1977) (STEVENS, J., concurring in judgment), the Due Process Clause *"gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit,"* World-Wide Volkswagen Corp. v. Woodson, 444 U. S. 286, 297 (1980).

III. **PARTIES TO AGREEMENT: Defendant is not a party to the agreement. Plaintiff's Agreement is with Adler & Associates Entertainment, Inc. An officer is not liable for acts of the corp without "piercing the corporate veil"**

Plaintiff has an agreement with Adler & Associates Entertainment, Inc. a California corporation. He does not have an agreement with the Defendent. *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 594-595. In that matter, the court also noted that directors or officers of a corporation, even where they participate in the wrong or authorize or direct that it be done, are not responsible to third persons for "negligence amounting merely to nonfeasance, to a breach of duty owing to a corporation alone; the act must also constitute a breach of duty owed to the third person." The *Haidinger-Hayes, Inc.,* court also set out the requirement of injury, rather than mere pecuniary harm, for the imposition of tort liability against corporate officers and directors based upon negligent conduct. ( *See, also, Self-Insurers Sec. Fund v. Esis, Inc.,* 204 Cal.App. 3d 1148 (1988), restating the general resistance to holding a corporate officer personally liable in the absence of physical injury, and the rule that officers are not liable to third parties for breach of duties owed to the corporation alone.)

IV. **SERVICE OF PROCESS: Defendant was not properly served. Plaintiff attempted to serve Defendant by mail.**

Federal Law 4(d) 5 states, (5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

Federal Law 4(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

V.  **COPYRIGHT: Plaintiff's Copyright Claim Fails. We have a sales agreement in place permitting name change. An officer is not liable for acts of the corporation.**

Plaintiff's Statement of Claim states that *"infringed on my copyrights because she registered my movie under the name of "Heart of Pain" to Digital Millennium Copyright Act. (DMCA)."* This claim is irrelevant. Name changes are permitted per the underlying agreement between the two parties. Page 3 of 32, Section 3 (c) initialed by Plaintiff in the underlying agreement between Jorge and Adler & Associates Entertainment, Inc. states. *"Adler & Associates Entertainment and its licensees shall retain the right to change the title of the Picture…"* Furthermore, Plaintiff granted us the exclusive rights to exploit his film. Section 3(a) *"the exclusive right throughout the Territory, to exhibit, distribute, sub-distribute, market, exploits, ell, perform, promote, and otherwise exploit the Picture…"*

Plaintiff does possess the copyright for the complete film *"En Medio del Dolor"* A.K.A. *"Heart of Pain."* This fact alone disposes of his claim because the *"Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement."* Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010) (emphasis added). Filing an application for registration is not sufficient; a plaintiff must have received a registration from the Copyright Office in order to assert a claim. Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 892 (2019). Because Plaintiff does not plead a valid copyright registration for the voice files at issue prior to filing this lawsuit (or any other legal basis that would permit her to maintain this suit in the absence of such a registration), the Court should dismiss her claim for copyright infringement.

Respectfully Submitted,

*Marie Adler*
P.O. Box 3461
Danville, CA 94526
Phone: +1 424.230.9119