**RAFAEL JORGE <rafaeljorge584@comcast.net>**                    8/2/2022 10:28 AM

To RAFAEL JORGE <rafaeljorge584@comcast.net>

FILED IN CLERKS OFFICE   AUG 2 '22 am11:10 USDC MA

The Honorable Katherine A. Robertson
United State District Court
300 State Street, Suite 120
Springfield, MA 01105

Via: Delivered by me.

Re: Jorge v. Adler 3:22-cv-30075-KAR

Dear Judge Robertson

Please consider this letter as a formal
MOTION or request ruling in the favor of the Plaintiff Rafael Jorge's Case 3:22-cv-30075-KAR / Jorge v. Adler on behalf of myself, Rafael Jorge the Plaintiff. Defendant Marie Adler committed a Copyright Infringement with my film "En Medio del Dolor" Heart of Pain). I am requesting Seven Million dollars in compensation. Rule 7(b), Federal Rules of Civil Procedure and Local Rule 7.1.

This action was filed on August 2, 2022, Rafael Jorge as Plaintiff. Defendant Marie Adler has not shown any supporting documents that the Plaintiff signed an agreement in signing over the copyright to her.

1847. CRIMINAL COPYRIGHT INFRINGEMENT -- 17 U.S.C. 506(A) AND 18 U.S.C. 2319

The principal criminal statute protecting copyrighted works is 17 U.S.C. § 506(a), which provides that "[a]ny person who infringes a copyright willfully and for purposes of commercial advantage or private financial gain" shall be punished as provided in 18 U.S.C. § 2319. Section 2319 provides, in pertinent part, that a 5-year felony shall apply if the offense "consists of the reproduction or distribution, during any 180-day period, of at least 10 copies or phonorecords, of 1 or more copyrighted works, with a retail value of more than $2,500." 18 U.S.C. § 2319(b)(1).

The 1992 amendments to section 2319 have made it possible to pursue felony level sanctions for violations relating to all types of copyrighted works, including computer software and other works written, stored or transmitted in a digital format, if the other elements of the statute are satisfied. Felony penalties only attach to violations of a victim's rights of reproduction or distribution in the quantity stated. A misdemeanor shall apply if the defendant does not meet the numerical and monetary thresholds, or if the defendant is involved in the infringement of the other rights bestowed upon the copyright holder, including the right to prepare derivative works, or the right to publicly perform a copyrighted work.

There are four essential elements to a charge of criminal copyright infringement. In order to sustain a conviction under section 506(a), the government must demonstrate: (1) a valid copyright; (2) was infringed by the defendant; (3) willfully; and (4) for purposes of commercial advantage or private financial gain. Attempts to infringe are prohibited to the same extent as

the completed act. Conspiracies to violate the Act can be prosecuted under 18 U.S.C. § 371. A minority of courts also require that the government prove the absence of a first sale, and refer to this as a fifth element of a section 506(a) offense. However, the majority position is that the absence of a first sale is an affirmative defense. Thus, the government does not need to allege it in the indictment or to present initially evidence to negate the defense. See this Manual at 1854.

Your Honor I sent this document to you, as provided by Local Rule 5.2.

Thank you.

Rafael Jorge Pro se, 1145 Liberty Street, Springfield, Ma 01104.