UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAFAEL JORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-30075-KAR |
| ) | |
| ) | |
| MARIE ADLER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON PENDING MOTIONS
(Dkt. Nos. 7, 10, 15, 22, 26-27, 29-30, 35, 41-42, 44, 46-53, 55)

ROBERTSON, U.S.M.J.

Rafael Jorge ("Plaintiff"), proceeding *pro se*, has sued Marie Adler ("Defendant") pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, for alleged copyright infringement (Dkt. No. 1). Defendant, also proceeding *pro se*, has filed a motion to dismiss Plaintiff's complaint on numerous grounds, including that she has not been properly served and that she is not subject to the personal jurisdiction of this court (Dkt. No. 7). Plaintiff opposes dismissal of his complaint and has filed nineteen motions seeking "a ruling or order" in his favor (Dkt. Nos. 10, 15, 26-27, 29-30, 35, 41-42, 44, 46-53, 55). Defendant has also filed a motion to "extend any proceeding until late March 2023," asserting that she will be out of the country for business reasons and has unspecified health concerns (Dkt. No. 22).

While Plaintiff has not met his burden of establishing proper service, dismissal is inappropriate at this time. Instead, the court treats Defendant's motion to dismiss as a motion to quash service of process, grants it, and gives Plaintiff 90 days from the date of this order to effect service. If Plaintiff fails to meet this deadline, this matter will be dismissed without prejudice.

1

Furthermore, because Defendant's motion to dismiss raises a serious question about personal jurisdiction, the court orders Plaintiff to show cause in writing as to why this matter should not be dismissed for lack of personal jurisdiction within 90 days from the date of this order.  The court denies Plaintiff's serial motions for "a ruling or order" in his favor as they are essentially motions for summary judgment, which fail to comply with Federal Rule of Civil Procedure 56 or Local Rule 56.1 regarding such motions.  Finally, the court denies Defendant's motion to extend the proceedings until late March 2023, as the motion is not sufficiently supported but does so without prejudice to Defendant's filing a renewed and properly supported motion.

I.   BACKGROUND[1]

Plaintiff is the author and copyright claimant of the screenplay and all other cinematographic material of the work entitled *En Medio del Dolor* (Dkt. No. 1 at 4; Dkt. No. 1-1 at 13, 37-43).  On September 6, 2016, Plaintiff, a Massachusetts resident, made a contract with Adler & Associates Entertainment, Inc. ("Adler & Associates"), granting the company the exclusive worldwide right to distribute the motion picture based on the screenplay (Dkt. No. 1 at 4, Dkt. No. 7-1).[2]  Plaintiff alleges that Defendant, a California resident and the Chief Executive Officer, Chief Operating Officer, and President of Adler & Associates, personally infringed his

---

[1] For purposes of ruling on this motion, the court accepts all facts alleged in Plaintiff's complaint as true and draws all reasonable inferences in Plaintiff's favor.  *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)).

[2] The court may consider documents sufficiently referred to in the complaint in ruling on a motion to dismiss without converting the motion into one for summary judgment.  *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013).  Here, Plaintiff refers to the distribution agreement he entered into with Adler & Associates, and Defendant has attached a copy to her motion to dismiss.  Plaintiff does not contest the authenticity of the document and, therefore, it is appropriate for this court to consider it.

copyright in *En Medio del Dolor* by distributing the movie under the name *Heart of Pain* for two years without compensating him (Dkt. No. 1 at 2, 4; Dkt. No. 1-1 at 22).

## II.   SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected." *Brown v. Dash*, Civil Action No. 20-10980-FDS, 2020 WL 6806433, at *4 (D. Mass. Nov. 18, 2020) (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  "Federal Rule of Civil Procedure 12(b)(5) allows a party to challenge the way in which the opposing party executed service of process, or the mode of delivery of the summons and complaint." *Colon-Ortiz v. Toyota Motor Mfg., Inc.*, Civil No. 20-1677 (BJM), 2022 WL 17067647, at *1 (D.P.R. Nov. 17, 2022).  Once a defendant challenges the sufficiency of process, the plaintiff has the burden of proving proper service. *Morrissey v. Massachusetts*, Civil Action No. 18-11386-MBB, 2022 WL 1463051, at *4 (D. Mass. May 9, 2022).  "The fact that a defendant has actual notice of the lawsuit is insufficient to establish personal jurisdiction." *Carissimo v. Marriott Int'l, Inc.*, No. 19-cv-12405-ADB, 2020 WL 3416590, at *3 (D. Mass. June 22, 2020) (citing *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988)).  *See also Forward Fin. LLC v. Moss Supermarket LLC*, 303 F. Supp. 3d 209, 211 (D. Mass. 2018) ("Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court." (quoting *Echevarria–Gonzalez*, 849 F.2d at 28)).

"Under the federal rules, an individual within a judicial district of the United States can be served in accordance with state law where the court is located or where service is made, by personal delivery, by delivery at the individual's usual place of abode, or by delivery to an agent authorized to receive service." *XMOD Indus. v. Kennedy*, Civil Action No. 1:22-cv-11464-IT,

3

2022 WL 17486611, at *2 (D. Mass. Dec. 7, 2022) (citing Fed. R. Civ. P. 4(e)).  According to Plaintiff, he first attempted to effectuate service by trackable mail to an unidentified address in Los Angeles, California; he has submitted proof that the item was picked up at a postal facility in Los Angeles and was signed for by "S J" (Dkt. Nos. 5, 11).  Several days later, Plaintiff made a second attempt at service, this time by certified mail to 8721 Santa Monica Blvd. #312, W. Hollywood, CA 90069, which is the address listed for Defendant in the complaint (Dkt. Nos. 1, 6, 11).  The certified mail receipt bears an illegible signature or initials starting with an "S" and states that it was received by "Mailbox Place" (Dkt. N. 6).

  Pursuant to Fed. R. Civ. P. 4(e), Plaintiff's attempts at service by mail were effective only if either Massachusetts or California law allow for such service.  Massachusetts allows personal service outside the Commonwealth "by any form of mail addressed to the person to be served and requiring a signed receipt."  Mass. R. Civ. P. 4(e); Mass. Gen. Laws ch. 223A, § 6 (a)(3).  "When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court."  Mass. R. Civ. P. 4(f).  *See also* Mass. Gen. Laws ch. 223A, § 6 (b).  California allows service by first-class mail or airmail, postage prepaid, but only if two copies of a prescribed notice and acknowledgment are included, as well as a return envelope, postage prepaid, addressed to the sender.  Cal. Civ. Proc. Code § 415.30.

  Here, Plaintiff has not submitted any proof that he included two copies of the prescribed notice and a return envelope, as would be required under California law.  Therefore, Plaintiff has not shown that he satisfied the requirements of service by mail in California.  However, he has submitted proof that a signed receipt was required upon delivery of the packet he sent by certified mail to the address in W. Hollywood, which may satisfy Massachusetts law.  While it is

not clear from the record what the W. Hollywood address is, the Massachusetts rule "governing service by certified mail does not specifically require that the summons and complaint be mailed to the individual's place of abode." *Brown v. Gascard Club, Inc.*, Civ. A. No. 86-1311-z, 1986 WL 13076, at * 1 (D. Mass. Nov. 4, 1986). The difficulty for Plaintiff is that the receipt does not appear to bear Defendant's signature. Instead, it bears an illegible signature or initials starting with an "S" and indicates that it was received by "Mailbox Place." Because the receipt does not appear to be signed by Defendant, Plaintiff must submit "other evidence of personal delivery to [Defendant] as may be satisfactory to the court," Mass. R. Civ. P. 4(f), and this he has failed to do. The receipt Plaintiff filed "was signed by a person whose relationship to defendant or authority is unknown. Absent some evidence of delivery to defendant, this service is insufficient." *Id*. Therefore, Plaintiff has not overcome Defendant's challenge to the sufficiency of service of process.

That said, "dismissal under Fed. R. Civ. P. 12(b)(5) is inappropriate where there is 'a "reasonable conceivable means" through which service may be obtained and jurisdiction acquired over the defendant.'" *Colon-Ortiz*, 2022 WL 17067647, at *2 (quoting *Ramirez de Arellano v. Colloïdes Naturels Intern.*, 236 F.R.D. 83, 85 n.4 (D.P.R. 2006)). *See also Doyle v. YMCA of N.H.*, 560 F. Supp. 3d 499, 503 (D.N.H. 2021). "If service was ineffective, the court may treat the motion to dismiss as a motion to quash service of process." *Colon-Ortiz*, 2022 WL 17067647, at *2 (citing *Ramirez de Arellano*, 236 F.R.D. at 85 n.4). Because there are reasonable conceivable means through which Plaintiff could serve Defendant, this court treats the motion to dismiss as a motion to quash service of process, grants it, and orders that Plaintiff

serve Defendant within 90 days from the date of this order.³ Plaintiff may attempt service via certified mail to the P.O. box on record for Defendant with this court, personal delivery, delivery at Defendant's usual place of abode, or delivery to an agent authorized to accept service. Further, "[u]nder Massachusetts law, if service is unsuccessful 'after diligent search … the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.'" *XMOD Indus.*, 2022 WL 17486611, at *2 (citing Mass. R. Civ. P. 4(d)(1),(2)). Thus, to the extent that Plaintiff is able to show this court that he has conducted a diligent search and has been unable to locate Defendant, service by alternate means may be appropriate.⁴

### III. PERSONAL JURISDICTION

In cases such as this invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, the Due Process Clause of the Fifth Amendment of the United States Constitution requires only that a defendant maintain "adequate contacts" with the United States as a whole rather than with the forum state. *Waters v. Day & Zimmerman NPS, Inc.*, 464 F. Supp. 3d 455, 457 (D. Mass. 2020) (citing *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001)). Nevertheless, a plaintiff must "'ground its service of process in a federal statute or civil rule.'" *Id*. (quoting *Swiss Am. Bank*, 274 F.3d at 618). The federal statute in question here, the Copyright Act, does not provide for nationwide service of process. *Am. Century Home Fabrics,*

---

³ Fed. R. Civ. P. 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

⁴ For example, "[c]ourts have authorized alternate service of process by email where the parties had regularly used email to communicate in the past." *Id*. (citing *Swenson v. Mobilityless*, LLC, Civil Action No. 19-30168-KAR, 2020 WL 2404835, at * 2 (D. Mass. May 12, 2020); *Jackson Lab'y v. Nanjing Univ.*, No. 1:17-cv-00363-GZS, 2018 WL 615667, at * 4 (D. Me. Jan. 29, 2018); *Sec. & Exch. Comm'n v. Marvel Partners*, C.A. No. 08-12008-MLW, 2008 WL 11511616, at * 2 (D. Mass. Dec. 22, 2008)).

*Inc. v. Ashley Furniture Indus., Inc.*, Civil Action No. 06-10932-JLT, 2006 WL 8458434, at *1 n.2 (D. Mass. Oct. 31, 2006).  Thus, this court has personal jurisdiction over Plaintiff only if she is subject to the jurisdiction of a court of general jurisdiction in the Commonwealth of Massachusetts.  Fed. R. Civ. P. 4(k)(1)(A).  *See also Am. Century Home Fabrics*, 2006 WL 8458434, at *1, n.2 ("Because the Copyright Act does not provide for such nationwide service, this court only has jurisdiction when a Massachusetts court would.").  Accordingly, notwithstanding that this is a federal question case, "this Court must conduct the same personal jurisdiction inquiry as in a diversity case, focusing on the defendant's contacts with Massachusetts rather than with the United States as a whole."  *Motus, LLC v. CarData Consultants Inc.*, 520 F. Supp. 3d 87, 91 (D. Mass. 2021) (citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 950 (1st Cir. 1984)).

When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the "prima facie" standard governs the determination.  *Swiss Am. Bank*, 274 F.3d at 618 (citing *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 43 (1st Cir.1993)).  "'Under this standard, it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution.'"  *Id*. at 618-19 (quoting *Pleasant St.*, 987 F.2d at 44).  Because "'[t]he prima facie showing must be based upon evidence of specific facts set forth in the record,'" the plaintiff must "'go beyond the pleadings and make affirmative proof.'"  *Id*. at 619 (quoting *Pleasant St.*, 987 F.2d at 44).  Nevertheless, when the court makes its determination of whether the prima facie standard has been satisfied, it does not act as a factfinder; instead, it "'accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'"  *Id.* (quoting *Pleasant St.*, 987 F.2d at 44).

"[T]o make a prima facie showing of personal jurisdiction in diversity cases, the plaintiff must demonstrate that the exercise of jurisdiction 1) is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, and 2) coheres with the Due Process Clause of the Fourteenth Amendment of the United States Constitution by showing that each defendant has 'minimum contacts' with Massachusetts." *Waters*, 464 F. Supp. 3d at 458 (citing *Daynard v. Ness, Motley, Loadholt, Richardson, & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002)).  The relevant portion of the Massachusetts long-arm statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services of things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth …

Mass. Gen. Laws ch. 223A, § 3.  Regarding due process:

> [a] plaintiff attempting to establish specific personal jurisdiction over an out-of-state defendant must demonstrate that:
>
> (1) [his] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable.

*Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 258 (1st Cir. 2022) (citing *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018)).  Defendant has challenged personal jurisdiction, and there is no basis in the record to conclude that any of the specific requirements of the Massachusetts long-arm statute apply or that Defendant has "minimum contacts" with Massachusetts sufficient to justify the exercise of personal jurisdiction over her here.  Accordingly, Plaintiff is ordered to show cause in writing within 90 days of the date of this order why this court should not dismiss this case for lack of personal jurisdiction.  Failure to do so will likely result in dismissal of this case without prejudice to its refiling in a court having jurisdiction over Defendant.

## IV.    MOTIONS FOR "RULING OR ORDER" IN PLAINTIFF"S FAVOR

As of this date, Plaintiff has filed a total of nineteen motions seeking "a ruling or order" in his favor.  He also asks the court to enter a judgment in his favor for $7,000,000.00.

In essence, Plaintiff is seeking to have the court enter summary judgment in his favor on his copyright infringement claim against Defendant.  Entitlement to summary judgment turns on a party's ability to demonstrate that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56 requires a party asserting that a fact cannot be or is genuinely disputed to support the assertion by "citing to particular facts in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers or other materials," or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Moreover, Local Rule 56.1 requires that motions for summary judgment "include a concise statement of the material facts of record as to which the moving

party contends there is no genuine dispute to be tried, with page references to affidavits, depositions and other documentation." L.R. 56.1.  Because Plaintiff's many motions fail to include the required statement and do not demonstrate the absence of a genuine dispute as to any material fact or that Plaintiff is entitled to judgment as a matter of law, they are denied.  Fed. R. Civ. P. 56; L.R. 56.1.  Moreover, Plaintiff is advised that this court cannot and will not grant any motions seeking judgment in his favor at least until such time as this court determines that it has personal jurisdiction over Defendant, and any such motions filed before that time will be summarily denied.  In the event the court determines it does have personal jurisdiction over Defendant, it will only consider such motions if they comply with the requirements of the federal and local rule.  All non-conforming motions will be denied.

## V.     MOTION TO "EXTEND THE PROCEEDINGS"

Finally, Defendant has filed a motion to "extend any proceeding until late March 2023," asserting that she will be out of the country for business reasons and has unspecified health concerns.  The court will deny this motion as it is insufficiently supported.  *See* Local Rule 7.1(b)(1) ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").  However, this denial is without prejudice to Defendant filing a subsequent motion seeking the same relief and properly supporting it by including, for example, a personal affidavit establishing that she is out of the country and explaining why she is unable to participate in these proceedings until late March 2023, or documentation from a medical professional establishing that she is unable to participate in these proceedings until late March 2023.

## V. CONCLUSION

For the above-stated reasons, Defendant's motion to dismiss (Dkt. No. 7) is treated as a motion to quash service of process and it is GRANTED. Plaintiff has 90 days from the date of this order to effect service. If Plaintiff fails to meet this deadline or to request leave to make service by alternative means, this matter will be dismissed without prejudice. Furthermore, Plaintiff is ordered to show cause in writing within 90 days from the date of this order as to why this matter should not be dismissed for lack of personal jurisdiction. Plaintiff's many motions for "a ruling or order" in his favor (Dkt. Nos. 10, 15, 26-27, 29-30, 35, 41-42, 44, 46-53, 55) are DENIED. Finally, Defendant's motion to "extend any proceeding until late March 2023" (Dkt. No. 22) is denied without prejudice.

It is so ordered.

Dated: January 31, 2023                         /s/ Katherine A. Robertson
                                                KATHERINE A. ROBERTSON
                                                United States Magistrate Judge