UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAFAEL JORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 3:22-cv-30075-KAR |
| | ) | |
| | ) | |
| MARIE ADLER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER ON PENDING MOTIONS
(Dkt. Nos. 67, 71, 72, and 73)

ROBERTSON, U.S.M.J.
alt

      Rafael Jorge ("Plaintiff"), proceeding *pro se*, has sued Marie Adler ("Defendant")

pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*., for alleged copyright infringement (Dkt.

No. 1). Defendant, also proceeding *pro se*, initially responded to Defendant's complaint by

filing a motion to dismiss asserting that she had not been properly served and was not subject to

the personal jurisdiction of this court (Dkt. No. 7). Finding that Plaintiff had not met his burden

of establishing proper service, this court treated Defendant's motion to dismiss as a motion to

quash, granted it, and gave Plaintiff 90 days from the date of the January 31, 2023, order to effect

service (Dkt. No. 58). Further, because Defendant's motion to dismiss raised a serious question

about personal jurisdiction, the court ordered Plaintiff to show cause in writing as to why the

matter should not be dismissed for lack of personal jurisdiction, also within 90 days of the date

of the order (Dkt. No. 58). Thereafter, on February 21, 2023, Plaintiff filed an affidavit of

service (Dkt. No. 62), and on March 28, 2023, a response to the order to show cause (Dkt. No.

63). Since that time, Plaintiff has filed a motion for a ruling in his favor (Dkt. No. 67), and

1

Defendant has filed a renewed motion to dismiss in which she again argues that she has not been properly served and that she is not subject to the personal jurisdiction of this court (Dkt. No. 71). Plaintiff, instead of filing an opposition to Defendant's motion to dismiss, filed what he has styled a motion for jurisdiction and a motion to dismiss Defendant's formal request (Dkt. Nos. 72, 73). For the following reasons, the court GRANTS Defendant's motion to dismiss (Dkt. No. 71) on jurisdictional grounds and DENIES Plaintiff's motions for a ruling in his favor, for jurisdiction, and to dismiss Defendant's formal request (Dkt. Nos. 67, 72, 73).

## I.   BACKGROUND[1]

Plaintiff is the author and copyright claimant of the screenplay and all other cinematographic material of the work entitled *En Medio del Dolor* (Dkt. No. 1 at 4; Dkt. No. 1-1 at 13, 37-43). On September 6, 2016, Plaintiff, a Massachusetts resident, made a contract with Adler & Associates Entertainment, Inc. ("Adler & Associates"), granting the company the exclusive worldwide right to distribute the motion picture based on the screenplay (Dkt. No. 1 at 4, Dkt. No. 7-1).[2] Plaintiff alleges that Defendant, a California resident and the Chief Executive Officer, Chief Operating Officer, and President of Adler & Associates, personally infringed his copyright in *En Medio del Dolor* by distributing the movie under the name *Heart of Pain* for two

---

[1] Because Defendant's motion to dismiss is being resolved on jurisdictional grounds based on application of the prima facie method as set forth below, the court "take[s] the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to … [P]laintiff's version of genuinely contested facts." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016) (citing *Sawtelle v. Farrell*, 70 F.3d 1381, 1385 (1st Cir. 1995)). The court supplements the record with facts put forth by Defendant to the extent they are undisputed. *Id.* (citing *C.W. Downer & Co. v. Bioriginal Food and Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014)).

[2] While Plaintiff did not attach a copy of the distribution agreement to his complaint, Defendant attached it to her initial motion to dismiss (Dkt. No. 7-1). Plaintiff has not contested the authenticity of the document, and he both acknowledges that he entered into the agreement with Adler & Associates (Dkt. No. 1 at 4) and attached a copy to his opposition to Defendant's motion to dismiss (Dkt. No. 9-1). Therefore, it is appropriate for the court to consider it.

years without compensating him (Dkt. No. 1 at 2, 4; Dkt. No. 1-1 at 22).  Plaintiff has not alleged

any facts, nor presented any evidence regarding the extent of Defendant's distribution of *Heart*

*of Pain* in Massachusetts, such as by identifying any specific instances when Defendant

interacted with or sold the film to a Massachusetts customer.  The record is also devoid of any

evidence that Defendant engaged in targeted advertising to Massachusetts residents or derived

significant revenue from sales of *Heart of Pain* to customers located in this state.

## II.    SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, proper

service of process must be effected."  *Brown v. Dash*, Civil Action No. 20-10980-FDS, 2020 WL

6806433, at *4 (D. Mass. Nov. 18, 2020) (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.,

Ltd.*, 484 U.S. 97, 104 (1987)).  "Fed. R. Civ. P. 12(b)(5) allows a party to challenge the way in

which the opposing party executed service of process, or the mode of delivery of the summons

and complaint."  *Colon-Ortiz v. Toyota Motor Mfg., Inc.*, Civil No. 20-1677 (BJM), 2022 WL

17067647, at *1 (D.P.R. Nov. 17, 2022) (citing *Ramirez De Arellano v. Colloides Naturels

Intern.*, 236 F.R.D. 83, 85 (D.P.R. 2006)).  Once a defendant challenges the sufficiency of

process, the plaintiff has the burden of proving proper service.  *Morrissey v. Massachusetts*, Civil

Action No. 18-11386-MBB, 2022 WL 1463051, at *4 (D. Mass. May 9, 2022) (citing *Evans v.

Staples, Inc.*, 375 F. Supp. 3d 117, 120 (D. Mass. 2019)).  "The fact that a defendant has actual

notice of the lawsuit is insufficient to establish personal jurisdiction."  *Carissimo v. Marriott

Int'l, Inc.*, No. 19-cv-12405-ADB, 2020 WL 3416590, at *3 (D. Mass. June 22, 2020) (citing

*Danastorg v. U.S. Bank Nat'l Ass'n*, No. 1:15-cv-11512-ADB, 2016 WL 78514074, at *2 (D.

Mass. May 3, 2016)).  *See also Forward Fin. LLC v. Moss Supermarket LLC*, 303 F. Supp. 3d

209, 211 (D. Mass. 2018) ("'Actual notice and simply naming the person in the caption of the

complaint is insufficient to subject a defendant to the jurisdiction of the district court.'" (quoting *Echevarria–Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988))).

"Under the federal rules, an individual within a judicial district of the United States can be served in accordance with state law where the court is located or where service is made, by personal delivery, by delivery at the individual's usual place of abode, or by delivery to an agent authorized to receive service." *XMOD Indus. v. Kennedy*, Civil Action No. 1:22-cv-11464-IT, 2022 WL 17486611, at *2 (D. Mass. Dec. 7, 2022) (citing Fed. R. Civ. P. 4(e)). Here, to prove proper service, Plaintiff filed an affidavit of service completed by a Deputy Sheriff of Los Angeles County in which he indicates that on February 15, 2023, he left a copy of the summons and complaint with a Sylvia Clark, identified as "Clerk," at 8721 Santa Monica Blvd. No. 312, Hollywood, CA, 90069, and mailed the summons and complaint to Defendant by first-class mail, postage prepaid, at the same address (Dkt. No. 62). This address appears in the distribution agreement between Plaintiff and Adler & Associates as a "mailing address" for the company; the document lists a different "physical address" in Burbank, CA (Dkt. No. 7-1 at 1; 63-2 at 1).

Neither the affidavit of service nor any other facts put forward by Plaintiff establish proper service under Fed. R. Civ. P. 4(e). In Plaintiff's response to the order to show cause, he states that the Deputy Sheriff gave Defendant the summons and complaint in person at her personal place of abode (Dkt. No. 63 at 5). However, this representation is not substantiated by the affidavit of service or any other evidence in the record. Nor is there any basis for a finding that the Santa Monica Blvd. address is Defendant's last and usual place of abode or that Sylvia Clark is an authorized agent of Defendant. In addition, the actions that the affidavit of service do substantiate do not constitute proper service of process under either Massachusetts or California law.

Massachusetts rules allow personal service outside the Commonwealth by: (1) personal delivery; (2) leaving copies at the defendant's last and usual place of abode; (3) delivery to an authorized agent; or (4) mail addressed to the person to be served and requiring a signed receipt. Mass. R. Civ. P. 4(e).  As already noted, there is no record on which to base a finding that the summons and complaint were delivered to Defendant personally, that the Santa Monica Blvd. address is Defendant's last and usual place of abode, or that Sylvia Clark is an authorized agent of Defendant.  Further, there is no evidence that the summons and complaint were mailed to Defendant in a manner requiring a signed receipt.  Thus, Plaintiff has not shown that Massachusetts service rules have been satisfied.

California law, in turn, allows: (1) personal delivery or delivery to an authorized agent; (2) if personal delivery cannot be accomplished with reasonable diligence, leaving a copy at the dwelling house, usual place of abode, usual place of business, or usual mailing address – other than a U.S. Postal Service post office box – of the person to be served, in the presence of a competent member of the household or a person apparently in charge of the office, place of business, or usual mailing address, who is at least 18 years of age, and who must be informed of the contents thereof, and by thereafter mailing a copy of the summons and the complaint by first-class mail, postage prepaid, to the person to be served at the place where the copy of the summons and the complaint were left; or (3) by first-class mail, postage prepaid, if two copies of a prescribed notice and acknowledgement are included, as well as a return envelope, postage prepaid, addressed to the sender.  Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.90. Again, there is no evidence on which to conclude that Defendant was served personally or that Sylvia Clark is an authorized agent, nor is there any evidence that Defendant was served by a mailing including the prescribed notice, acknowledgement, and return envelope.  Rather, the

Deputy Sheriff appears to have attempted to affect substitute service by leaving a copy of the summons and the complaint at the 8721 Santa Monica Blvd. address. This is insufficient for two reasons. First, Adler & Associates is not the defendant, and there is no indication that the 8721 Santa Monica Blvd. address – which is listed as the mailing address for Adler & Associates in the distribution agreement – is Defendant's dwelling house, usual place of abode, usual place of business, or usual mailing address. Second, as a prerequisite to substitute service, Plaintiff must show that personal service could not be accomplished with reasonable diligence. Cal Code Civ. Proc. § 415.20(b); *see also Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 802 (1979) ("exercising reasonable diligence to effect personal service" is a "mandatory prerequisite to [substitute] service"). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt*, 89 Cal. App. 3d at 801. The affidavit of service, which reflects only two attempts at personal service on Defendant at the mailing address for Adler & Associates, without indication of any effort to locate a home address for Defendant or even to attempt service at the physical address for Adler & Associates, is insufficient. *See, e.g., McClain v. San Bernardino*, No. ED CV 18-1648-CJC (PLA), 2019 WL 12345648, at *5 (C.D. Cal. Jan. 15, 2019) (finding that the plaintiff failed to demonstrate reasonable diligence where the declaration he submitted did not indicate any efforts to locate home addresses for the defendants or to personally serve them at their usual place of business). Thus, Plaintiff similarly has not shown that California service rules have been satisfied, and Plaintiff's complaint is subject to dismissal for insufficient service of process.

## III.    PERSONAL JURISDICTION

Even if service was proper, however, Plaintiff has failed to establish personal jurisdiction over Defendant. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d

42, 50 (1st Cir. 2002) ("The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." (citing *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)).  Because the court is making this assessment without first holding an evidentiary hearing, the prima facie standard applies.  *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).  "Under that standard, the court takes a plaintiff's 'properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim.'"  *Rich v. Meta Platforms, Inc.*, Civil Action No., 21-11956-FDS, 2023 WL 8355932, at *4 (D. Mass. Dec. 1, 2023) (quoting *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016)).  A plaintiff is not permitted to "rely on unsupported allegations in [his] pleadings," *A Corp.*, 812 F.3d at 58 (quoting *Platten v. HG Bermuda Exempted, Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)), but rather "must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists.'"  *Id.* (quoting *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)).  However, when the court makes its determination of whether the prima facie standard has been satisfied, it does not act as a factfinder; instead, it "'accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'"  *Swiss Am. Bank*, 274 F.3d at 619 (quoting *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir.1993)).

In cases such as this invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, the Due Process Clause of the Fifth Amendment of the United States Constitution requires only that a defendant maintain "adequate contacts" with the United States as a whole rather than with the forum state.  *Waters v. Day & Zimmerman NPS, Inc.*, 464 F. Supp. 3d 455, 457 (D. Mass. 2020) (citing *Swiss Am. Bank, Ltd.*, 274 F.3d at 618).  Nevertheless, a plaintiff must "'ground its service of process in a federal statute or civil rule.'"  *Id.* (quoting *Swiss Am. Bank*, 274 F.3d at

618).  The federal statute in question here, the Copyright Act, does not provide for nationwide service of process.  *Am. Century Home Fabrics, Inc. v. Ashley Furniture Indus., Inc.*, Civil Action No. 06-10932-JLT, 2006 WL 8458434, at *1 n.2 (D. Mass. Oct. 31, 2006).  Thus, this court has personal jurisdiction over Defendant only if she is subject to the jurisdiction of a court of general jurisdiction in the Commonwealth of Massachusetts.  Fed. R. Civ. P. 4(k)(1)(A).  *See also Am. Century Home Fabrics*, 2006 WL 8458434, at *1, n.2 ("Because the Copyright Act does not provide for such nationwide service, this court only has jurisdiction when a Massachusetts court would.").  Accordingly, notwithstanding that this is a federal question case, "this Court must conduct the same personal jurisdiction inquiry as in a diversity case, focusing on the defendant's contacts with Massachusetts rather than with the United States as a whole." *Motus, LLC v. CarData Consultants Inc.*, 520 F. Supp. 3d 87, 91 (D. Mass. 2021) (citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 950 (1st Cir. 1984)).

"[T]o make a prima facie showing of personal jurisdiction in diversity cases, the plaintiff must demonstrate that the exercise of jurisdiction 1) is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, and 2) coheres with the Due Process Clause of the Fourteenth Amendment of the United States Constitution by showing that each defendant has 'minimum contacts' with Massachusetts."  *Waters*, 464 F. Supp. 3d at 458 (citing *Daynard*, 290 F.3d at 52). "'Because the [Massachusetts] long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process ... a determination under the long-arm statute is to precede consideration of the constitutional question.'"  *Sheldon v. DT Swiss AG*, Civil Action No. 1:22-cv-11198-IT, 2023 WL 6201560, at *4 (D. Mass. Sept. 22, 2023) (alteration in original) (quoting *Lopez v. AngioDynamics, Inc.*, Civil Action No. 21-cv-11353-ADB, 2021 WL 5040320, at *3 (D. Mass. Oct. 28, 2021)).  "Only if the

statutory requirements are satisfied should the court consider whether its exercise of jurisdiction

is permitted by the Constitution." *Azumi LLC v. Lott & Fischer, PL*, 621 F. Supp. 3d 219, 223

(D. Mass. 2022) (citing *SCVNGR, Inc. v. Punchh, Inc.*, 85 N.E.3d 50, 56 (Mass. 2017)).

> The relevant portions of the Massachusetts long-arm statute provide:

> > A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

> > (a)  transacting any business in this commonwealth; [or] …

> > (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth …

Mass. Gen. Laws ch. 223A, § 3.  In applying the relevant provisions of the long-arm statute, "the

court is "mindful that 'the statute is to be construed broadly.'"  *Power v. Connectweb Techs.,*

*Inc.*, 648 F. Supp. 3d 321, 331 (D. Mass. 2023) (quoting *Merced v. JLG Indus., Inc.*, 170 F.

Supp. 2d 65, 70 (D. Mass. 2001)).  That said, "to satisfy either provision of the long-arm statute,

'the plaintiff … must demonstrate that the defendant has a tangible connection to the forum

through commercial or other appreciable contacts with the Commonwealth.'"  *Id*. at 331 (quoting

*Merced*, 170 F. Supp. 2d at 70-71).

A.  <u>§ 3(a)</u>

Under § 3(a), "[a] court may exercise personal jurisdiction over a person … as to a cause

of action in law or equity arising from the person's … transacting any business in this

commonwealth."  Mass. Gen. Laws ch. 223A, § 3(a).  "'[T]he "transacting any business"

language of the statute [is to be construed] in a generous manner,' and … must focus on 'whether

the defendant[ ] attempted to participate in the commonwealth's economic life.'"  *Cossart v.*

*United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015) (quoting *United Elec., Radio, & Mach. Workers of Am.*, 960 F.2d at 1087)).  "In order for jurisdiction to exist pursuant to § 3(a), the facts must satisfy two requirements: (1) the defendant must have transacted business in Massachusetts, and (2) the plaintiff's claim must have arisen from the defendant's transaction of such business."  *Power*, 648 F. Supp. 3d at 331-32 (quoting *Merced*, 170 F. Supp. 2d at 71).  *See also Cossart*, 804 F.3d at 18 (explaining that in order for a claim to have arisen from a defendants' "transacting any business in this commonwealth," "the transacted business [must be] a 'but for' cause of the harm alleged in the claim" (quoting *Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 551 (Mass. 1994))).  "[G]enerally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement."  *Power v. Connectweb Techs., Inc.*, 643 F. Supp. 3d 272, 283 (D. Mass. 2023) (*Power II*) (citing *Tatro*, 625 N.E.2d at 551-52).

While Plaintiff styles his claim as one for copyright infringement, as stated in his complaint it appears more aptly to sound in breach of contract.  Specifically, Plaintiff alleges that he is the copyright claimant of the screenplay and all other cinematographic material of the work entitled *En Medio del Dolor*, that he made a contract with Adler & Associates granting the company the exclusive worldwide right to distribute the motion picture based on the screenplay, and that the movie was then distributed under the name *Heart of Pain* for two years without him receiving any compensation (Dkt. No. 1 at 4).  Moreover, Plaintiff focuses on the contract in arguing that the court has personal jurisdiction over Defendant.  According to Plaintiff, the requirements of personal jurisdiction are satisfied because he signed the contract with Adler & Associates in Massachusetts, the contract was notarized and apostilled in Massachusetts, and he had email and phone contact with Adler & Associates about the contract while he was in

10

Massachusetts, including at least one phone call with and two emails from Defendant herself (Dkt. No. 63).

However, Plaintiff has not sued Adler & Associates for breach of contract but rather Defendant individually for copyright infringement.  Indeed, in his response to the show cause order, Plaintiff seems to change his theory of liability from that stated in his complaint.  Instead of claiming that his movie was distributed without him receiving any compensation, he claims that Defendant published the movie claiming that she was the sole publisher of the work and without identifying him as the creator (Dkt. No. 63 at 1-2).  Thus, the issue is not whether this court would have personal jurisdiction over Adler & Associates for breach of the distribution agreement but rather whether it has personal jurisdiction over Defendant for infringing Plaintiff's copyright.  *See Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) ("The general rule is that jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation.").  While "the forum-state contacts of a corporation may be attributed to an individual who is an officer, director, or shareholder of the corporation when evidence is presented that shows that the corporation is the alter ego of the individual, or where other circumstances permit the court to pierce the corporate veil," *N. Laminate Sales, Inc. v. Matthews*, 249 F. Supp. 2d 130, 138 (D.N.H. 2003), Plaintiff has not presented any evidence or argument that this is such a case, regardless of whether Massachusetts or California law would apply to determine the veil-piercing issue. *See, e.g., Misik v. D'Arco*, 130 Cal. Rptr. 3d 123, 129 (Cal. Ct. App. 2011) (identifying the factors to be considered in disregarding the corporate entity under the alter ego doctrine under California law); *Evans v. Multicon Constr. Corp.*, 574 N.E.2d 395, 398 (Mass. App. Ct. 1991) (setting forth the factors that must be considered in determining whether to pierce the corporate veil under Massachusetts

11

law).  Thus, the court's consideration is limited to whether the three contacts by Defendant that Plaintiff has identified amount to the transaction of any business in Massachusetts by her.

"[T]he law in Massachusetts is well-established that isolated transactions unaccompanied by 'purposeful intent' on the part of [a] defendant[ ] and having only a 'slight effect on the commerce of the Commonwealth' are not enough to support jurisdiction under subsection (a) of the long-arm statute."  *Power*, 648 F. Supp. 3d at 332 (quoting *Sun Life Assurance Co. of Canada v. Sun Bancorp, Inc.*, 946 F. Supp. 2d 182, 188 (D. Mass. 2012)).  Here, Plaintiff has not identified any business transactions in Massachusetts by Defendant, let alone any having a substantial effect on Massachusetts' commerce.  The only contacts Plaintiff has identified – the phone call and two emails – were with Plaintiff.  There is quite simply no basis on which to make a finding that Defendant engaged in any business transactions that had any effect on the commerce of the Commonwealth.  At its core, Plaintiff's argument seems to be that Defendant should be subject to the personal jurisdiction of this court because she knew Plaintiff was in Massachusetts.  However, the law is clear that "the 'Defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal jurisdiction over a defendant."  *Power*, 648 F. Supp. 3d at 332 (quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008)).

Furthermore, Defendant's three contacts with Plaintiff were in the capacity of a corporate officer.  "Although Massachusetts courts have rejected the blanket assertion that individuals acting in their official capacity are thereby shielded from suit in their individual capacity, 'more than mere participation' in the affairs of the corporation is required."  *Sensitech Inc. v. Limestone FZE*, 548 F. Supp. 3d 244, 254 (D. Mass. 2021) (quoting *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 280 (D. Mass. 2008)).  "A Massachusetts court can … exercise jurisdiction over a corporate officer when the individual has 'derived personal benefit' or acted

beyond the scope of his or her employment with respect to his or her contacts with the

Commonwealth." *Id.* (quoting *M-R Logistics*, 537 F. Supp. 2d at 280).  There is no basis in the

record to find that Defendant derived personal benefit from, or acted beyond the scope of her

employment with Adler & Associates in, her few contacts with Plaintiff in Massachusetts.

Thus, Plaintiff has not established that § 3(a) of the Massachusetts long-arm statute

supplies a basis for the court's jurisdiction over Defendant for infringing Plaintiff's copyright.[3]

B.  § 3(d)

"The threshold requirement of § 3(d) is that the defendants' out-of-state act caused the

plaintiff's in-state harm." *Barnes v. Merck & Co.*, 648 F. Supp. 3d 283, 289 (D. Mass. 2023)

(citing *Merced*, 170 F. Supp. 2d at 71).  "Next, [the] plaintiff must satisfy one of the three

disjunctive prongs of the second requirement of § 3(d): (1) engaging or soliciting business in

Massachusetts, (2) engaging in any other persistent course of conduct in Massachusetts, or (3)

deriving substantial revenue from goods used or consumed in Massachusetts." *Id*. at 290 (citing

Mass. Gen. Laws ch. 223A, § 3(d)).  Assuming without deciding that Plaintiff could satisfy the

threshold requirement based on Defendant's alleged infringement of his copyright, he has

submitted no evidence on which to base a finding that Defendant engaged in any activities that

would meet any one of the other three requirements of § 3(d).  In other words, there is no

---

[3] It is perhaps worth noting that the one phone call and two emails Plaintiff identified similarly would not suffice to establish personal jurisdiction over Defendant for a breach of contract claim against Defendant even if she were a party to the contract.  For communications by an out-of-state defendant to a Massachusetts-based plaintiff to constitute "transacting business" in the Commonwealth for a breach of contract claim, they must have been "instrumental (not incidental) in the formation of the contract in dispute." *Reagent Fund II, LP v. Lotus Gunworks of S. Fla., LLC*, No. 1:22-CV-12124-AK, 2023 WL 5243032, at *3 (D. Mass. Aug. 15, 2023) (citing *Workgroup Tech. Corp. v. MGM Grand Hotel*, 246 F. Supp. 2d 102, 111 (D. Mass. 2003)).  There is nothing about the one phone call and two emails, all of which appear to post-date the formation of the contract, that would allow them to be characterized as instrumental in the formation of the contract.

evidence that Defendant engaged in or solicited business in the Commonwealth, engaged in any other persistent course of conduct in the Commonwealth, or derived substantial revenue from the Commonwealth.  Thus, Plaintiff has not established that § 3(d) of the Massachusetts long-arm statute supplies a basis for the court's jurisdiction over Defendant for infringing Plaintiff's copyright.

### IV.   PLAINTIFF'S MOTIONS FOR "RULING OR ORDER" IN HIS FAVOR, FOR JURISDICTION, AND TO DISMISS PLAINTIFF'S FORMAL REQUEST

Plaintiff has filed a motion seeking "a ruling or order" in his favor (Dkt. No. 67).  This motion is in addition to the nineteen already addressed in the court's January 31, 2023, order (Dkt. No. 58).  As was the case with those many motions, the instant motion fails to include the required statement of facts, L.R. 56.1, and does not demonstrate the absence of a genuine dispute as to any material fact or that Plaintiff is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; L.R. 56.1.  Therefore, it is denied.

Plaintiff's remaining two motions – for jurisdiction (Dkt. No. 72) and to strike Defendant's formal request (Dkt. No. 73) are, if not in name, substantively oppositions to Defendant's motion to dismiss.  Because the court has determined that Defendant's motion to dismiss on personal jurisdiction grounds is meritorious and will be granted, the court denies Plaintiff's motions for jurisdiction and to strike Defendant's formal request.

### V.   CONCLUSION

For the above-stated reasons, the court GRANTS Defendant's motion to dismiss (Dkt. No. 71) and DENIES Plaintiff's motions for a ruling his favor, for jurisdiction, and to dismiss Defendant's formal request (Dkt. Nos. 67, 72, 73).  The Clerk's Office is directed to close the case on the court's docket.

It is so ordered.

Dated:  January 10, 2024                    /s/ Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            United States Magistrate Judge